UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| **GINA HACKER**, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>**APEX PIZZA HOLDINGS LLC, HPG PIZZA I, LLC, HPG PIZZA II, LLC, DCT ENTERPRISES OF COLORADO, LLC, ROB PRANGE, and JIM PARRISH,**<br><br>Defendants. | **Case No.:**<br><br>**ORIGINAL COMPLAINT FOR VIOLATIONS OF FLSA AND COLORADO STATE LAW**<br><br>**COLLECTIVE ACTION AND CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Gina Hacker ("Plaintiff"), individually and on behalf of all other similarly situated delivery drivers, brings this Complaint against Apex Holdings LLC, HPG Pizza I, LLC, HPG Pizza II, LLC, DCT Enterprises of Colorado, LLC, Rob Prange, and Jim Parrish, (collectively "Defendants"), and alleges as follows:

## I.    INTRODUCTION

1. Defendants operate numerous Papa John's franchise stores. Defendants employ delivery drivers who use their own automobiles to deliver pizza and other food items to their customers. However, instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants use a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their wages to fall below the minimum wage during some or all workweeks (nominal wages – unreimbursed vehicle costs = subminimum net wages).

1

2. Defendants' policies and/or practices with regard to meal and rest breaks also violated relevant state laws. Defendants frequently failed to provide meal and rest breaks required by Colorado law. As a result, Defendants failed to pay the putative Colorado Class Members all wages due to them during their employment with Defendants and at the time of their separation from the company.

3. Plaintiff brings this lawsuit as a class and collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Colorado Wage Claim Act, §8-4-101, *et seq.* (the "Wage Claim Act"), and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq.,* as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Act") to recover unpaid minimum wages and hours owed to herself and similarly situated delivery drivers employed by Defendants at its Papa John's stores.

## II.    JURISDICTION AND VENUE

4. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

5. Venue in this District is proper under 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendants employed Plaintiff in this District, Defendants operate Papa John's franchise stores in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

## III.    PARTIES

6. Defendants comprise a business that operates pizza delivery stores within this District. Defendant Apex Holdings, LLC, may be served via its registered agent, Simon Harry, at

10200 E Girard Ave Ste 120, Denver, CO 80231. Defendant HPG Pizza 1, LLC may be served via its registered agent, Registered Agents Inc, at 1942 Broadway Ste 314C, Boulder, CO 80302. Defendant HPG Pizza II, LLC, may be served via its registered agent, C T Corporation System at 7700 E Arapahoe Rd Ste 220, Centennial, CO 80112. Defendant DCT Enterprises of Colorado, LLC may be served at 3710 N FM 2148, Texarkana, TX 75503.

7. Defendants Rob Prange and Jim Parrish are individually liable because, during the relevant times, they were owners of substantial interests in Defendants, served as officers of the entities, and held managerial responsibilities and substantial control over terms and conditions of drivers' work as they held the power to hire and fire, supervised and controlled work schedules and/or conditions of employment, determined rates and methods of pay and/or expense reimbursements, and maintained employment records and/or held control over employment records.

8. Plaintiff worked for Defendants as a delivery driver at the Papa John's store located at 6470 W. 120th Ave, Broomfield, CO 80038 within the 3 years prior to the filing of this Complaint to March of 2023. Plaintiff's consent to pursue this claim under the FLSA is attached to this Complaint as "Exhibit 1."

9. Plaintiff seeks to represent the putative Class and Collective Members for damages due to unpaid minimum wages pursuant to the FLSA as well as meal and rest breaks under Colorado law. Plaintiff is similarly situated to the putative Collective Members pursuant to 29 U.S.C. § 216(b).

### IV. GENERAL ALLEGATIONS

#### A. Defendants' Business

3

10. Defendants own and operate numerous Papa John's franchise stores including stores within this District.

11. Jim Parrish is the president of corporate Defendant Apex Pizza Holdings LLC. Rob Prange is the Vice President of Operations of corporate Defendants HPG Pizza I, LLC, and HPG Pizza II, LLC.

12. In this capacity, Rob Prange and Jim Parrish put the pay scheme at issue in place, have overseen and enforced Defendants' pay practices, and are, therefore, individually liable for the violations at issue.

13. Defendants' stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

*Defendants' Flawed Automobile Reimbursement Policy*

14. Defendants require their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

15. Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendants.

16. Defendants' delivery driver reimbursement policy reimburses drivers on a per-mile basis, but the per-mile reimbursement equates to below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

17. The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of its drivers' automobile expenses.

4

18.     During the applicable FLSA limitations period, the IRS business mileage reimbursement rate ranged between $.56 and $.67 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a vehicle ranged between $.571 and $.608 per mile during the same period for drivers who drive 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

19.     However, the driving conditions associated with the pizza delivery business cause even more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

20.     Defendants' reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendants uniformly fail to reimburse its delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

21.     Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages it pays to Plaintiff and Defendants' other delivery drivers are not paid free and clear of all outstanding obligations to

Defendants.

22. Defendants fail to reasonably approximate the amount of their drivers' automobile expenses to such an extent that its drivers' net wages are diminished beneath the applicable minimum wage requirements.

23. In sum, Defendants' reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

**B. Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations**

24. Regardless of the precise amount of the per-mile reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic minimum wage violations.

25. The federal minimum wage has been $7.25 per hour since July 24, 2009.

26. During the relevant time period, Colorado's minimum wage ranged between $12.00 an hour and $13.65 an hour.

27. Plaintiff made approximately $10.15 an hour while out on deliveries for Defendants.

28. During the time Plaintiff worked for Defendants as a delivery driver, she was reimbursed just $0.35 per mile and drove an average of 10 or more miles per delivery.

29. During the relevant time period, the IRS business mileage reimbursement rate ranged between $.56 and $.67 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using

6

the lowest IRS rate and the highest rate per mile Plaintiff was making per mile driven ($.35 per mile) in effect during that period as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased her net wages by at least $.21 ($.56 - $.35) per mile.

30. During her employment by Defendants, Plaintiff regularly made at least 4 or more deliveries per hour. Thus, using even a conservative under-estimate of Plaintiff's actual expenses and damages, every hour on the job decreased Plaintiff's net wages by at least $10.50 ($.21 x 10 miles/delivery x 4 deliveries/hour = $8.40), resulting in an hourly wage rate well below the applicable minimum wage.

31. All of Defendants' delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid below the Colorado minimum wage before deducting unreimbursed business expenses.

32. Because Defendants paid their drivers a gross hourly wage at below the Colorado minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

33. While the amount of Defendants' actual reimbursements per mile may vary over time, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of their other stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs

7

incurred are relatively consistent between time and region.

34. Defendants' low reimbursement rates were a frequent complaint of Defendants' delivery drivers, which resulted in discussions with management, yet Defendants continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses. In fact, there were times that Defendants would not pay Plaintiff and other Drivers anything for mileage or would deduct pay from their mileage amounts.

35. The net effect of Defendants' flawed reimbursement policy is that Defendants have willfully failed to pay the applicable minimum wage to their delivery drivers. Defendants thereby enjoy ill-gained profits at the expense of its employees.

### C. Defendants' Meal & Rest Break Violations

36. Throughout the course of her employment, Plaintiff and other similarly situated delivery drivers did not typically receive a meal break.

37. In addition, Plaintiff and other similarly situated delivery drivers rarely received the 10-minute rest breaks required by Colorado law. *See Lozoya v. AllPhase Landscaping Construction, Inc., 2015 WL 1757080,* *2 (D.Colo. April 15, 2015).

38. Defendants did not pay any statutorily-prescribed penalty for their failure to relieve their workers during mandatory meal and rest breaks.

39. On information and belief, this failure to provide all meal and rest breaks required by state law applied to all delivery drivers employed by Defendants in Colorado.

40. Defendants willfully failed to pay Plaintiff and relevant Class Members the sums due to them pursuant to uncompensated or undercompensated meal and rest breaks at the time of their separation from employment with Defendants.

8

## V.  CLASS AND COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff brings Count I as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

42. The FLSA claims may be pursued by those who opt-ins to this case pursuant to 29 U.S.C. § 216(b).

43. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees the applicable minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail and electronic means.

44. Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

   a. They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

   b. They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

   c. Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

   d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

   e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

   f. They were subject to the same pay policies and practices of Defendants;

9

  g. They were subject to the same delivery driver reimbursement policy that under- estimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the applicable minimum wage in some or all workweeks; and,

  h. They were paid at or near the applicable minimum wage before deducting unreimbursed business expenses.

45. Plaintiff brings Count II as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and as the Class Representative of the following persons (the "Class"):

> All similarly situated current and former delivery drivers employed at the Papa John's stores owned, operated, and controlled by Defendants within Colorado, during the three years prior to the filing of this Class Action Complaint and the date of final judgment in this matter.

46. The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the Class.

47. The Class satisfies the numerosity standard as it consists of hundreds of persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

48. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation:

  a. Whether Defendants failed to pay Class members the minimum wage required by Colorado law,

    b.     Whether Defendants failed to reasonably reimburse Class members for using their own vehicles to deliver Defendants pizzas and other food items,

    c.     Whether Defendants formula and / or methodology used to calculate the payment of reimbursement for vehicle expenses resulted in unreasonable under-reimbursement of the Class members,

    d.     Whether Defendants failed to keep accurate records of deductions from Class members' wages in violation of Colorado law, and

    e.     Whether Defendants failed to reimburse Plaintiff and the Class Members for "other amounts promised" pursuant to its company handbook, and thus required by the Wage Claim Act and the Minimum Wage Act, and

    f.     Whether Defendants failed to afford Plaintiff and the Class Members for all meal and rest breaks as required by Colorado law.

49.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

50.     Plaintiff's claim is typical of those of the Class in that:

    a.     Plaintiff and the Class were entitled to statutorily protected meal and rest breaks as required by Colorado law; and

    b.     Defendants failed to afford Plaintiff and the putative Class Members their meal and rest breaks.

51.     A class action is the appropriate method for the fair and efficient adjudication of

this controversy. Defendants have acted or refused to act on grounds generally applicable to the Class.

52.     Plaintiff is an adequate representative of the Class because he is a member of the Class, and her interests do not conflict with the interests of the members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

53.     Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court, and there are no material difficulties impairing the management of a class action.

54.     It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

### Count I: Violation of the Fair Labor Standards Act of 1938

55.     Plaintiff reasserts and re-alleges the allegations set forth above.

56.     The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production

of goods for commerce. 29 U.S.C. §206(a).

57. Defendants are subject to the FLSA's minimum wage requirements because they are an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

58. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

59. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

60. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

61. As alleged herein, Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the applicable minimum wage.

62. Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the applicable minimum wage.

63. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay sufficient minimum wages to Plaintiff and other similarly situated employees.

64. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in

Defendants' stores.

65. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

66. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants are not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

67. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**Count II: Violations of the Colorado Wage Claim Act & the Colorado Minimum Wage Act**

68. Plaintiff reasserts and re-alleges the allegations set forth above.

69. At all relevant times, Defendants have been and continue to be "employers" within the meaning of the Colorado Wage Claim Act and the Colorado Minimum Wage Act.

70. At all relevant times, Defendants have employed, and continue to employ,

"employees", including Plaintiff, within the meaning of the Colorado Wage Claim Act and the Colorado Minimum Wage Act.

71. The Colorado Minimum Wage during the relevant time period ranged from $12.56 per hour to $13.65 per hour.

72. Colorado Minimum Wage Order Number 35 provides that employees of a covered employer shall be entitled to an uninterrupted and "duty free" meal period of at least a thirty-minute duration when the scheduled work shift exceeds five consecutive hours of work. 7 Colo. Code Regs. § 1103-1:7.

73. Colorado Minimum Wage Order Number 35 also provides that employees are to receive 1 compensated 10-minute rest period for shifts between 2 and 6 hours, and 2 compensated 10-minute rest periods during shifts between 6 and 10 hours. 7 Colo. Code Regs. § 1103-1, Rule 5.

74. As alleged herein, Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the applicable minimum wage.

75. Defendants, pursuant to their policy and practice, violated Colorado law by refusing and failing to pay sufficient minimum wages to Plaintiff and other similarly situated employees.

76. Plaintiffs and the putative Colorado Class Members are entitled to bring a private civil action with regard to Defendant's failure to afford proper meal and rest breaks pursuant to Colorado State Law. *See, e.g.*, *Sobolewski v. Boselli & Sons, LLC*, 342 F. Supp. 3d 1178, 1184 (D. Colo. 2018) (citing 7 Colo. Code Regs. § 1103-1:18) ("[. . .] an employee-plaintiff may bring

a private civil action for violations of the Wage Order's meal and rest period regulations.").

77. Plaintiffs and the putative Colorado Class Members routinely worked without receiving meal and rest breaks as required by Colorado State Law.

78. As a result of the foregoing conduct, as alleged, Defendants failed to pay wages due under the Colorado Wage Claim Act, the FLSA and the Colorado Minimum Wage Act, thereby violating, and continuing to violate, the Wage Claim Act. As described above, these violations were committed knowingly, willfully and with reckless disregard of applicable law.

79. Plaintiff, on behalf of herself and the Class and Collective Members, seeks recovery of her attorneys' fees as provided by the Wage Claim Act and the Minimum Wage Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class and Collective Members collectively pray that this Honorable Court:

1. Issue an Order certifying this action as a collective action under the FLSA and designate the above Plaintiff as representative of all those similarly situated under the FLSA collective action;

2. Issue an Order certifying this action as a class action under the Colorado Minimum Wage Act and the Colorado Wage Claim Act and designate the Plaintiff as representative on behalf of all those similarly situated of the Colorado Minimum Wage Act and the Colorado Wage Claim Act classes;

3. Award Plaintiff and the Class and Collective Members actual damages for unpaid wages and liquidated damages equal in amount to the unpaid compensation found due to Plaintiff and the class as provided by the Colorado Minimum Wage Act,

   C.R.S. § 8-6-101, *et seq.* and the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.* and pursuant to the FLSA, U.S.C. § 216(b);

4. Award Plaintiff and the Class and Collective Members pre- and post-judgment interest at the statutory rate as provided by the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.* and the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.* and pursuant to the FLSA, U.S.C. § 216(b);

5. Award Plaintiff and the Class and Collective Members attorneys' fees, costs, and disbursements as provided by the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.* and the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.* and pursuant to the FLSA, 29 U.S.C. § 216(b); and

6. Award Plaintiff and the Class and Collective Members further legal and equitable relief as this Court deems necessary, just, and proper.

## VI. **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

          Respectfully submitted,

          */s/ Colby Qualls*
          Colby Qualls
          Ark. Bar. No. 2019246
          FORESTER HAYNIE, PLLC
          400 North Saint Paul Street, Ste. 700
          Dallas, Texas 75201
          Telephone: (214) 210-2100
          cqualls@foresterhaynie.com

          **ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

Service will be made on Defendants with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

*/s/ Colby Qualls*
**Colby Qualls**